UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

***********************************
Terra A. Merry, *
Plaintiff *
*
v. *
*
City of Portsmouth, NH and *
Portsmouth School Department, SAU #52, *
Defendants *
***********************************

**COMPLAINT**
**Jury Trial Requested**

NOW COMES the plaintiff Terra A. Merry, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

## I. Parties

1. The plaintiff Terra A. Merry is a former employee of the defendant Portsmouth School Department, SAU #52. The plaintiff resides at 89 Crescent Way, Portsmouth, New Hampshire.

2. The defendant City of Portsmouth, New Hampshire is a city organized and existing under the laws of the State of New Hampshire, with its principal offices located at 1 Junkins Avenue, Portsmouth, New Hampshire.

3. The defendant Portsmouth School Department, SAU #52 is a New Hampshire school district with a principal place of business located at 1 Junkins Avenue, Suite 402, Portsmouth, New Hampshire.

## II. Jurisdiction and Venue

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. The Court may exercise supplemental jurisdiction over the plaintiff's State law claims. The Court has personal jurisdiction over the defendants because they are residents of New Hampshire.

5. Venue is proper because the acts and omissions giving rise to this action occurred within this judicial district.

## III. Facts

6. Terra Merry began employment with the City of Portsmouth, Portsmouth School Department on or about August 25, 2008, as a teacher and technology integrator at Portsmouth High School.

7. In or around February of 2024, an incident occurred where students came to Ms. Merry's classroom for a morning yearbook class, with their backpacks drenched with perfume.

8. Ms. Merry suffers from disabling impairments substantially limiting her in one or more major life activities. These impairments cause Ms. Merry to suffer symptoms when she is exposed to chemical fragrances. She began suffering symptoms on the occasion of this incident, including difficulty breathing and headache. She opened the classroom window to allow fresh air in.

9. Assistant principals visited Ms. Merry's classroom during that yearbook class. They observed the thermostat and the open window.

10. Later that week, Portsmouth High School principal Stefano Chinosi met with Ms. Merry. Principal Chinosi told Ms. Merry that her students had been cold in her class. Ms. Merry explained that she had disabling impairments that caused her to experience symptoms when she was exposed to chemical fragrances. Principal Chinosi told Ms. Merry that she should meet with

Human Resources to request accommodations, but that she could not leave her classroom windows open.

11. On or about March 5, 2024, the City of Portsmouth's human resources personnel, Kelly Wood and Kelly Harper, met with Ms. Merry at a conference room in City Hall pertaining to her disabling impairments and her sensitivity to chemical fragrances. They told Ms. Merry that she needed to provide them with a Medical Inquiry Form completed by her medical provider.

12. Ms. Merry's medical provider completed a Medical Inquiry Form on her behalf and submitted it to the defendants' human resources personnel.

13. Ms. Wood acknowledged receipt of Ms. Merry's Medical Inquiry Form on or about March 21, 2024, telling Ms. Merry that she "need(ed) to touch base with [my] supervisor, but [she] hope(d) to have a determination for [her] sometime next week."

14. Ms. Merry received no response to her accommodation request for the remainder of the school year.

15. On or about September 13, 2024, Ms. Merry was exposed at work to an insecticide, causing her to experience difficulty breathing and headache. The incident led Ms. Merry to follow up on her March 2024 accommodation request, to which she had received no response. Ms. Wood responded on or about September 19, 2024, writing in part, "Let me follow up with the Admin regarding the ADA situation…." "I apologize for the delay in the process," Ms. Wood added.

16. During the fall of 2024, Ms. Merry made multiple reports to Portsmouth School Department's administrative personnel regarding students wearing excessive fragrances and the effect of the practice on her. To Ms. Merry's knowledge, the defendants failed to take any action to limit student use of fragrances.

17. On or about November 7, 2024, Principal Chinosi summoned Ms. Merry to a November 15 meeting, to which he invited Ms. Merry to bring a union representative, in which the principal expressed the intent to discuss with Ms. Merry alleged parent and student concerns, alleged concerns about her certification and "a follow up on the scent/fragrance issues that continue to be an issue."

18. As Ms. Merry explained to Principal Chinosi in the November 15 meeting, she knew of no parent concerns. The only student concerns of which Ms. Merry was aware had to do with students failing to complete their assignments for her yearbook class.

19. Ms. Merry further told Principal Chinosi in the November 15 meeting that the State of New Hampshire had confirmed that her certifications were current and appropriate and that she understood that the State had so advised Portsmouth School Department's Assistant Superintendent by October 31, 2024.

20. At the end of the meeting, Ms. Merry asked Principal Chinosi to address the status of her requested accommodations. Ms. Merry specifically asked what to do in the event any student came to her class wearing excessive fragrance, causing her symptoms. Principal Chinosi said only that he needed to follow up, notwithstanding that Ms. Merry's request for accommodations had been pending for nearly eight (8) months.

21. On November 20, 2024, the defendants' human resources personnel sent Ms. Merry an e-mail notifying her that it had approved certain accommodations, including the posting of "Scent-Free classroom" signs, the sending of letters to guardians/students regarding same, and a school-wide announcement regarding mindfulness of persons with health-related sensitivities.

22. The defendants, though reportedly approving such accommodations, failed to implement them promptly.

23. On or about December 2, 2024, Principal Chinosi wrote Ms. Merry an e-mail purporting to summarize the November 15 meeting. The principal failed to make any mention of Ms. Merry's request for action on her March 2024 accommodation request.

24. At various times from December of 2024 to March of 2025, Ms. Merry reported to the defendants' human resources and administrative personnel that her accommodations, supposedly approved, had not been implemented. Ms. Merry received responses to the effect that the personnel to whom she reported the problem would "look into it."

25. On or about February 20, 2025, Principal Chinosi notified Ms. Merry that she was being terminated by way of an alleged reduction in force due to alleged problems with her certification. No such problems existed.

26. Ms. Merry gave notice of her intent to retire from the defendants' employment on or about February 21, 2025 — the deadline to opt for retirement in lieu of being eliminated via the so-called reduction in force. Her retirement became effective June 30, 2025. Ms. Merry never would have retired effective June 30, 2025, but for the defendants notifying her that she was to be terminated through the so-called reduction in force.

27. The defendants finally posted "Scent Sensitive Zone" signage on or about March 24, 2025.

28. The defendants discriminated against Ms. Merry because of her disabling impairments by delaying unreasonably in responding to her accommodation requests, effectively denying her accommodation requests, and terminating her employment.

29. The defendants retaliated against Ms. Merry for engaging in the protected activity of requesting accommodation, taking adverse employment actions against her, including, but not limited to, terminating her.

30. Ms. Merry filed a Charge of Discrimination with the New Hampshire Commission for Human Rights on or about July 15, 2025. Exhibit A.

31. Ms. Merry received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission (EEOC) on June 9, 2026. Exhibit B. This lawsuit is filed within 90 days of Ms. Merry's receipt of the Notice of Right to Sue, as required.

**COUNT I**
**(Disability Discrimination in Violation of Americans With Disabilities Amendments Act (ADAAA) and RSA 354-A)**

32. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

33. At all times relevant to this action, Ms. Merry suffered from disabling impairments and also had a record of suffering from disabling impairments.

34. Ms. Merry was a qualified individual with a disability at relevant times, meaning that she could perform the essential functions of her job with reasonable accommodation, as demonstrated by the praise she received throughout her lengthy career.

35. The defendants committed disability discrimination by not renewing Ms. Merry's contract because she suffered from disabling impairments and because she had a record of disabling impairments.

36. The defendants further committed disability discrimination by failing to reasonably accommodate Ms. Merry's disabling impairments and by delaying unreasonably and inexcusably in accommodating her disabling impairments.

37. As a direct and proximate result of the defendants' disability discrimination, Ms. Merry has suffered and continues to suffer damages, including but not limited to lost wages, lost

earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life, plus attorney's fees, interest and costs.

38. In addition, Ms. Merry is entitled to enhanced compensatory damages under RSA 354-A:21-a based on the defendant's willful or reckless disregard of the plaintiff's rights protected by RSA 354-A.

**COUNT II**
**(Retaliation in Violation of Americans With Disabilities Amendments Act (ADAAA) and RSA 354-A)**

39. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

40. Ms. Merry engaged in protected activity within the meaning of the ADAAA and RSA 354-A, requesting reasonable accommodation for her disabling impairments and following up on her accommodation requests in light of the defendants' unresponsiveness and failure to act.

41. As a direct and proximate result of Ms. Merry's protected activities, the defendants subjected her to adverse employment actions, to include unwarranted counseling and/or discipline leading to termination.

42. As a direct and proximate result of the defendants' retaliation, Ms. Merry has suffered and continues to suffer damages, including but not limited to lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life, plus attorney's fees, interest and costs.

43. In addition, Ms. Merry is entitled to enhanced compensatory damages under RSA 354-A:21-a based on the defendant's willful or reckless disregard of the plaintiff's rights protected by RSA 354-A.

**COUNT III**
**(Wrongful Discharge)**

44. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

45. The defendants terminated Ms. Merry with bad faith and malice, purporting to terminate her because of imaginary problems with her certifications where the defendants knew that no such problems existed.

46. The defendants terminated Ms. Merry in retaliation against her for seeking reasonable accommodation relative to her disabling impairments.

47. The defendants terminated Ms. Merry because she performed acts encouraged by public policy, requesting that the defendants provide her reasonable accommodation and a safe workplace.

48. As a direct and proximate result of the defendants' wrongful discharge of Ms. Merry, Ms. Merry has suffered and continues to suffer damages, including but not limited to lost wages, lost earning capacity, lost employment benefits, emotional distress and loss of enjoyment of life.

49. Ms. Merry is further entitled to enhanced compensatory damages based on the wanton, malicious and oppressive conduct of the defendants in terminating her.

WHEREFORE, the plaintiff Terra A. Merry respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after trial;

B. Find the defendants liable for disability discrimination in violation of the Americans With Disabilities Amendments Act and RSA 354-A;

C. Find the defendants liable for retaliation in violation of the Americans With Disabilities Amendments Act and RSA 354-A;

D. Find the defendants liable for wrongful discharge;

E. Award the plaintiff damages for lost wages, lost employment benefits and lost earning capacity;

F. Award the plaintiff compensatory damages for emotional distress, humiliation, inconvenience, and loss of enjoyment of life;

G. Award the plaintiff enhanced compensatory damages;

H. Award the plaintiff reasonable attorney's fees;

I. Award the plaintiff interest and costs; and

J. Grant such other and further relief as is just and equitable.

Respectfully submitted,
TERRA A. MERRY,
By her attorneys,
DOUGLAS, LEONARD & GARVEY, P.C.

Date: August 28, 2026

By: /s/ Benjamin T. King

Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com